# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| PATRICE V. MCKOY,<br>    Appellant, | DOCKET NUMBER<br>PH-0353-25-1293-I-1 |
|   v. | |
| U.S. POSTAL SERVICE,<br>    Agency. | DATE:  August 3, 2026 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Quinn Patton, Severna Park, Maryland, for the appellant.

Roderick Eves, Esquire, and Jessica Dixon, Esquire, St. Louis, Missouri,
 for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED (1) to supplement the initial decision to clarify why the Board lacks jurisdiction over the appellant's restoration claim and (2) to find that the Board lacks jurisdiction over this matter as a chapter 75 adverse action appeal, we AFFIRM the initial decision.

<u>We agree that the Board lacks jurisdiction over the appellant's restoration claim; however, we supplement the initial decision to clarify the basis for this finding.</u>

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). To establish jurisdiction over a claim of a denial of restoration as a partially recovered employee,[2] an appellant is required to make nonfrivolous allegations[3] of the following: (1) she was absent from her position due to a compensable injury; (2) she recovered sufficiently to return to duty on a part-time basis or to return to work in a position with less demanding physical requirements than those previously required of her; (3) the agency denied her request for restoration; and (4) the denial was arbitrary and

___

[2] Partially recovered employees are those who, "though not ready to resume the full range" of duties, have "recovered sufficiently to return to part-time or light duty or to another position with less demanding physical requirements." *Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 9 (2016); 5 C.F.R. § 353.102.

[3] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s); *see Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1368 (Fed. Cir. 2020).

capricious because of the agency's failure to perform its obligations under 5 C.F.R. § 353.301(d).[4] *Cronin v. U.S. Postal Service*, 2022 MSPB 13, ¶¶ 12, 19-20.

Here, the appellant's Board filings were sparse; however, she has seemingly alleged that she is a partially recovered employee who has been restored to duty; she avers that the agency should have, but did not, restore her for a roughly 4-month period from February 16, 2024, to June 3, 2024. Initial Appeal File (IAF), Tab 1 at 2, 7; Petition for Review (PFR) File, Tab 1 at 2. The appellant has alleged that the agency did not restore her during this 4-month period because of disability discrimination and equal employment opportunity (EEO) reprisal, and she has also alleged that the agency's actions violated a union contract. IAF, Tab 1 at 2; PFR File, Tab 1 at 2.

In the initial decision, the administrative judge found that the appellant did not allege facts that would place her appeal within the Board's jurisdiction because she did not contest the agency's evidence that she had been restored. IAF, Tab 8, Initial Decision at 3. We supplement the initial decision to find that the appellant did not make nonfrivolous allegations sufficient to satisfy criterion (4) of the jurisdictional standard, i.e., she did not allege that the agency's denial of restoration was arbitrary and capricious because of the agency's failure to perform its obligations under 5 C.F.R. § 353.301(d). *Cronin*, 2022 MSPB 13, ¶¶ 12, 19-20. To this end, as indicated, the appellant has alleged that the agency violated a union contract and denied her restoration for a 4-month

---

[4] The administrative judge did not provide the appellant with notice regarding the jurisdictional burden for her restoration claim prior to the issuance of the initial decision; however, both the agency's filings and the initial decision provided such notice. *See Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985) (indicating that an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue); *see also Easterling v. U.S. Postal Service*, 110 M.S.P.R. 41, ¶ 11 (2008) (indicating that, when an administrative judge does not provide sufficient notice of the appellant's burden of proving jurisdiction, that notice may be cured by the initial decision or by an agency pleading, which allows the appellant to satisfy the burden on review).

period because of disability discrimination and EEO reprisal. PFR File, Tab 1 at 2. These assertions are unavailing for purposes of criterion (4). *See Cronin*, 2022 MSPB 13, ¶¶ 20-21 (explaining that neither an agency's failure to comply with self-imposed obligations nor claims of discrimination and reprisal provide a basis for showing that a denial of restoration was arbitrary and capricious).[5] Thus, even assuming that the appellant satisfied criteria (1)-(3), her allegations are nonetheless insufficient.

The Board lacks chapter 75 jurisdiction over this appeal.

We supplement the initial decision to find that the Board lacks jurisdiction over this matter as a chapter 75 suspension appeal. *See Jenkins v. U.S. Postal Service*, 2025 MSPB 6, ¶¶ 19-20 (indicating that rights and remedies under chapter 75 are not subsumed in restoration appeals); *see also Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294, ¶ 10 (2014) (indicating that placement on enforced leave for more than 14 days may constitute an adverse action within the Board's jurisdiction). Indeed, in order for a Postal Service employee to appeal an adverse action under chapter 75, the employee must (1) be a preference eligible, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity; and (2) have completed 1 year of current continuous service in the same or similar positions. *See* 5 U.S.C. § 7511(a)(1)(B)(ii); 39 U.S.C. § 1005(a)(4)(A)(ii); *Clark v. U.S. Postal Service*, 118 M.S.P.R. 527, ¶ 7 (2012). Here, the agency's pleadings notified the appellant of this standard, IAF, Tab 4 at 8, 14, and she has not alleged facts that would avail her of chapter 75 adverse action appeal rights, *see Easterling v. U.S. Postal Service*, 110 M.S.P.R. 41, ¶ 11 (2008).

---

[5] Prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction. *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

**NOTICE OF APPEAL RIGHTS**[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.